UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 19-177-DCR |
| V. | ) |
| DAYQUAN DEJON JOHNSON, | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Dayquan Dejon Johnson has filed a motion to revoke the detention order issued by United States Magistrate Judge Edward B. Atkins. [Record No. 58] Because Johnson has not overcome the presumption of detention and the factors outlined in 18 U.S.C. § 3142 all weigh in favor of detaining Johnson pretrial, his motion will be denied.

## I.

Johnson is charged with conspiracy to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 846, and aiding and abetting possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At his initial appearance, the United States moved to detain Johnson pending trial because his charges trigger a presumption that no conditions of release would reasonably assure the safety of others.

Magistrate Judge Atkins held a detention hearing on November 26, 2019. Johnson proffered that he could live with his grandmother in Michigan pending trial, as she was always in the home and she would be able to drive him to all court appearances. Johnson's grandmother did not appear at the hearing. The United States contended that the presumption

of detention had not been overcome, but Magistrate Judge Atkins apparently disagreed. Accordingly, the United States called Special Agent Michael Trueblood to testify.

Special Agent Trueblood offered testimony regarding an investigation into Johnson traveling to Winchester, Kentucky to distribute controlled substances. According to Trueblood, Johnson traveled to Winchester on at least two occasions to distribute heroin and/or fentanyl. Trueblood stated that Johnson was arrested on one of the trips while possessing 26 grams of fentanyl. He also explained that Johnson had an affiliation with a Detroit gang, but that he did not have any specific information about violence *committed by Johnson* or any use of firearms *by Johnson* in this case. He offered pictures of Johnson holding a substantial amount of money and a picture of him with a gang affiliation tattoo. Trueblood testified that Johnson confirmed he was distributing drugs and explained that he had a contact in Winchester, Kentucky.

Magistrate Judge Atkins issued a detention order concluding that the defendant successfully rebutted the presumption of detention by producing some evidence that he would abide by conditions of release, but still found that no conditions could be imposed that would assure Johnson's appearance at future court proceedings or the safety of others. The magistrate judge explained that the nature and circumstances of the offense weighed in favor of detention and the weight of the evidence of dangerousness was significant. He further explained that, while Johnson's criminal history was not entirely clear, the defendant had charges involving robbery and a weapons offense. Additionally, he noted that Johnson's employment history could not be verified. Finally, Magistrate Judge Atkins concluded that Johnson presented a danger to others and the community if he were to be released.

Johnson filed a motion for revocation of the detention order, asserting that the government failed to establish by clear and convincing evidence that he is a danger to others. Counsel also contended that the Court ignored whether Johnson would reasonably appear when required. [Record No. 58] And he disputes that Special Agent Trueblood established that Johnson was a flight risk or a danger to the community. The defendant notes that the gang references were vague and that there are conditions to mitigate any danger presented by the association.

The United States filed a response opposing the revocation of the detention order. [Record No. 63] It asserts that the government met its burden to establish that there are no conditions of release that would reasonably assure Johnson's appearance at trial or assure the safety of others and the community.

This matter came for a hearing on December 20, 2019. Counsel for the defendant again indicated that Johnson's grandmother would be able to supervise him and requested release with any conditions the Court would be willing to impose, including home detention or GPS monitoring. Counsel further argued that Magistrate Judge Atkins' decision to detain the defendant was improperly driven by Johnson's alleged associations with gang members. However, counsel did not believe that Trueblood's testimony at the original detention hearing supported the gang affiliation claim.

The United States argued that there are no conditions of release that would minimize the danger presented by the defendant or mitigate his risk of flight. First, the United States points out that it cannot test the credibility of the defendant's grandmother in determining whether she would be a suitable third-party custodian. Additionally, the United States presented the pretrial release order from the pending case in Detroit, which explicitly stated

that Johnson was not to leave Michigan or commit any crimes while released. Finally, the United States offered photographs of the defendant with a substantial sums of cash, which underscores the defendant's ability to flee if he is released.

## II.

A defendant may file a motion for revocation of a detention order with the court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). This Court reviews a magistrate judge's detention order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1128-29 (S.D. Ohio 2000); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). The Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). If the Court determines that a detention order is necessary, it shall, *inter alia*, submit a written statement of the reasons for the detention. 18 U.S.C. § 3142 (i)(1).

## III.

A defendant may be held pending the resolution of his case only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The United States must prove that no conditions of release can ensure the safety of the community and the defendant's appearance in court. *Id.* It must demonstrate the defendant's risk of non-appearance based on a preponderance of the evidence and demonstrate that he presents a danger to others and the

community by clear and convincing evidence. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Curry,* 2006 U.S. Dist. LEXIS 49661, at *16 (E.D. Ky. 2006).

In certain cases, the default position of release pending trial is modified in favor of detention pending trial. *Stone*, 608 F.3d at 945. There is a rebuttable presumption in favor of detention if there is probable cause to believe that the defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3). A grand jury indictment will satisfy the probable cause requirement. *See Hazime*, 762 F.2d at 37. The defendant bears the "burden of production" to overcome the presumption, but the United States retains the "burden of persuasion" in proving that the defendant should be detained pending trial. 18 U.S.C. § 3142(e)(3); *Stone*, 608 F.3d at 945.

A defendant must come forward with some evidence to indicate that he is not a danger to the community and does not present a risk of non-appearance. *Stone*, 608 F.3d at 945 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Producing evidence that the defendant is not a danger to the community or a flight risk does not alone overcome the presumption in favor of detention, as it is merely a factor for the Court to weigh in deciding whether the defendant should be detained pending trial. *Id*.

The factors the Court considers in deciding whether to release a defendant pending trial are outlined in 18 U.S.C. § 3142(g). They are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). "Consideration of these factors shall not be construed to modify or limit the presumption of innocence." *Stone,* 608 F.3d at 946; 18 U.S.C. § 3142(j).

This is a presumption case under 18 U.S.C. § 3142(e)(3) because Johnson is charged with a crime under the Controlled Substances Act for which a maximum term of imprisonment of more than ten years is prescribed. Johnson asserts that he overcame the presumption by proffering that he could reside with his grandmother and she would report if he violated his conditions. Magistrate Judge Atkins agreed. However, the undersigned disagrees with this assessment.

A similar factual scenario was presented in *United States v. Holden*, No. 17-CR-33-JMH-1, 2017 U.S. Dist. LEXIS 56626 (E.D. Ky. Apr. 12, 2017). There, Senior United States District Judge Joseph Hood was not persuaded that the defendant had overcome the presumption of detention. Counsel proffered that the defendant's father, who did not appear at the hearing, would allow the defendant to live with him in Louisville if he was released pending trial. *Id*. at *2-3. The defendant had been living with his father before his arrest. *Id*.

Additionally, the defendant provided information that he had appeared at all prior court proceedings for a pending domestic violence charge and he had a lack of a felony criminal record. *Id*. at *3. Judge Hood concluded that while the defendant may have presented sufficient evidence to overcome flight, he had not presented sufficient evidence to overcome danger because he had not presented "evidence of his good character, other than his father's willingness to house him and his willingness to appear for scheduled court appearances, both of which go more to the idea that he would not flee if released than the idea of danger." *Id*. at *4; *see also United States v. Gwathney-Law*, No. 1:15-CR-00030-GNS-1, 2017 U.S. Dist. LEXIS 92034 (W.D. Ky. June 15, 2017) (concluding that the defendant had failed to overcome the presumption in favor of detention even though he was amenable to a third-party custodian arrangement and GPS monitoring, had a stable residence, substantial ties to the community, minimal criminal history, and strong family support).

Similar to the defendant in *Holden*, Johnson proffered that he could reside with his grandmother, where he had been residing at the time of arrest, and that she would make sure he made it to his court appearances and comply with conditions. The Court cannot assess the credibility of his grandmother in determining if she is a suitable third-party custodian. And as noted above, the undersigned is not persuaded that Johnson has overcome the presumption in favor of detention. However, even if he has met his burden of production, all of the factors in 18 U.S.C § 3142(g) support detaining Johnson pending trial.

First, the nature and circumstances of the offense charged weigh in favor of denying the motion to revoke the detention order because the defendant's charges stem from trafficking in controlled substances, specifically fentanyl. 18 U.S.C. § 3142(g)(1). Residing with his grandmother, where he was living when the instant offense allegedly occurred, would not

alleviate the risk that Johnson will continue to engage in trafficking or other unlawful behavior. Accordingly, the nature and circumstances of the offense charged weigh in favor of detention.

The next factor concerns the weight of the evidence balanced against the "factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *Hazime*, 762 F.2d at 37; 18 U.S.C. § 3142(g)(2). Here, there is considerable evidence indicating that Johnson presents a significant risk of non-appearance as well as a danger to the community. He has no ties to the Eastern District of Kentucky and an active bench warrant for failing to appear in another drug case in Detroit (because he was detained for the instant offense). Resolution of the Michigan will not lessen the weight of the evidence regarding the present matter. Additionally, he has previous charges for violent offenses, specifically a weapons charge and a robbery charge. Further, Johnson is affiliated with a gang believed to be involved in violent activity. This association, standing alone, is but one additional factor favoring detention. It is far from the deciding or central factor in the Court overall analysis.

Next, the history and characteristics of the defendant also weigh in favor of detention. 18 U.S.C. § 3142(g)(3). Johnson does not have any financial, community, familial, or employment ties to this district. He grew up and resided in Detroit with his grandmother. He reported working at a party store in Detroit, but this information could not be verified. Further (as noted above), Johnson has a previous weapons charge and robbery charge, but the disposition of those two cases is unavailable. And he has an active possession of a controlled substance case pending in Detroit. His inability to comply with the pretrial release conditions in Detroit weighs in favor of detention.

Finally, the Court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). "Drug trafficking is a serious offense that, in itself, poses a danger to the community." *Stone*, 608 F.3d at 939 n. 1 (referencing *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("[t]he risk of continued narcotic trafficking on bail constitutes a risk to the community")). Again, as previously noted, Trueblood testified that Johnson has ties to a Detroit gang and he does have previous charges for violent offenses. Thus, this factor weighs in favor of detention.

**IV.**

In summary, the defendant has not overcome the presumption of detention, but even if he had done so, the factors outlined in 18 U.S.C. § 3142 support detaining Johnson pending trial. Accordingly, it is hereby

**ORDERED** that Defendant Johnson's motion to revoke the detention order [Record No. 58] is **DENIED**.

Dated: December 20, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky