UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 19-177-DCR |
| V. | ) ) | |
| DAYQUAN JOHNSON, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Dayquan Johnson was sentenced to a term of imprisonment of 148 months on October 2, 2020, based on a conviction for conspiring to distribute fentanyl and possessing with the intent to distribute fentanyl. [Record No. 150] The Presentence Investigation Report ("PSR") prepared in advance of the defendant's sentencing hearing reflected a Base Offense Level of 28 based on the controlled substances attributed to him. [Record No. 153] That Base Offense was increased for possessing a dangerous weapon (+2), maintaining a premises for the purpose of distributing a controlled substance (+2), and being a manager or supervisor of criminal activity which involved five or more participants (+3), and decreased for acceptance of responsibility (-3). With a Total Offense Level of 32 and Criminal History Category of I, his non-binding guideline range for incarceration under the 2018 United States Sentencing Guidelines Manual was 121 to 151 months.

Johnson filed a timely Notice of Appeal, challenging his sentence on October 9, 2020. [Record No. 151] However, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision on April 23, 2021, finding that the defendant's within-guidelines sentence

was neither procedurally nor substantively unreasonable. [Record No. 171] Thereafter, Defendant Johnson filed an unsuccessful motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. [Record Nos. 188 and 189] As the Court explained in connection with the earlier-filed motion, while Amendment 821 could be applied retroactively to defendant's previously sentenced, the amendment did not apply to Johnson because he received a three-point increase to his Base Offense Level under U.S.S.G. §3B1.1(b) for being a manager or supervisor of the subject criminal activity that involved five or more participants. [*See* Record No. 189, p. 2.]

Johnson returns seeking a sentence reduction under another amendment to the United States Sentencing Guidelines which became effective November 1, 2024. [Record No. 190] Amendment 828, Part B, addresses "whether subsection (c) of §3D1.2(Groups of Closely Related Counts) permits grouping of a firearms count under 18 U.S.C. § 922(g) with a drug trafficking count, where the defendant also has an 18 U.S.C.§ 924(c) conviction." *See* U.S.S.C. Guidelines Manual 2024, Supp. to App'x C, p. 270.

Johnson's current motion fails for two reasons. First, the amendment does not apply to Johnson's case. Simply put, he was not subject to the grouping rules addressed by the amendment. Second, and contrary to the defendant's assertion, Amendment 828 is not retroactive. Section 1B1.10(d) of the United States Sentencing Guidelines (2024) identifies the amendments subject to retroactive application. It states:

> (d) COVERED AMENDMENTS—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 505, 506,516, 591, 599, 606, 657, 702, 706, as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

Amendment 828 is not subject to retroactive application for defendants previously sentenced. Accordingly, it is hereby

**ORDERED** that the defendant's motion for a sentence reduction [Record No. 190] is **DENIED**.

Dated: November 26, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky